THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00180-MR-DLH

| | |
|---|---|
| YOLO CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| LOUIS J. NORMAND, JR., ) | **MEMORANDUM OF** |
| Individually and as trustee for ) | **DECISION AND ORDER** |
| American Success Irrevocable ) | |
| Trust, TRUCK CAPITAL, LLC, ) | |
| COAST MANAGEMENT SYSTEMS, ) | |
| LLC, and GLOBAL ) | |
| TRANSPORTATION REINSURANCE ) | |
| CO., LTD., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Transfer Venue [Doc. 9] and the Defendants' Motion to Stay or, in the Alternative, Motion to Extend Deadline to File Answer or Other Responsive Pleading [Doc. 11].

**I.   BACKGROUND**

On July 11, 2017, the Plaintiff Yolo Capital, Inc. ("Yolo" or "Plaintiff") filed this action against the Defendants Louis J. Normand, Jr. ("Normand"),

individually and as trustee of the American Success Irrevocable Trust ("ASIT"), Truck Capital, LLC ("Truck Capital"), Coast Management Systems, LLC ("Coast Management"), and Global Transportation Reinsurance Co., Ltd. ("Global Transportation") (collectively, "Defendants"), alleging that the Defendants breached a guaranty agreement guaranteeing the performance of non-party National Truck Funding, LLC ("National Truck") under a Note Agreement and related Promissory Note, and seeking to recover amounts due under the Promissory Note from the date of National Truck's alleged default.  [Doc. 1].

According to the Complaint, Yolo is a corporation organized under the laws of the State of Nevada with its principal place of business in Buncombe County, North Carolina.  [Doc. 1 at ¶ 1].  Defendant Normand is a resident of the State of Louisiana and resides in Mandeville, Louisiana.  [Id. at ¶ 2]. He is an entrepreneur who manages various corporate entities engaged in the business of truck leasing and lending.  [Id. at ¶ 9].  Normand is sued individually and as Trustee of American Success Irrevocable Trust ("ASIT"), a statutory trust established under the laws of the State of Florida for the purpose of holding assets for the benefit of Normand's four children, Matthew L. Normand, Amanda K. Normand, Thomas C. Normand and Anna Kate Normand (collectively the "Normand Children"). Upon information and belief,

Matthew L. Normand resides in the State of Mississippi; Amanda K. Normand resides in the State of Louisiana; Thomas C. Normand resides in the State of Louisiana; and Anna Kate Normand resides in the State of Florida. At all times relevant hereto, Normand has served as the sole Trustee of ASIT.

According to the Complaint, the other Defendants to this action are domiciled as follows. Defendants Truck Capital and Coast Management are both limited liability companies organized under the laws of the State of Mississippi, with their principal places of business in Gulfport, Mississippi. Defendant Global is a company organized under the laws of the Turks and Caicos Islands, with its principal place of business in Gulfport, Mississippi. Finally, non-party National Truck is a limited liability company organized under the laws of the State of Nevada with its principal place of business in Gulfport, Mississippi. [Id. at ¶ 10]. Normand is the Member Manager and CEO of National Truck. [Id. at ¶ 12; Doc. 1-1 at 2].

Prior to the commencement of this action, on June 25, 2017, National Truck filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 17-51243-KMS (the "Chapter 11 Case"), and subsequently listed the Plaintiff as a creditor who has claims secured by National Truck's

property and identified the Defendants as co-debtors on the debt to Plaintiff. [See Doc. 172].[1]

The Defendants now move, pursuant to 28 U.S.C. § 1412, to transfer the venue of this action to the Southern District of Mississippi on the grounds that this action is a proceeding "arising in or related" to National Truck's Chapter 11 case. [Doc. 9]. The Defendants further move to stay this action pending a resolution of the motion to transfer. [Doc. 11]. The Plaintiff opposes both motions. [Docs. 13, 14]. Having been fully briefed by the parties, these motions are ripe for adjudication.

## II.   DISCUSSION

The Defendants seek transfer of this action pursuant to 28 U.S.C. § 1412, which provides as follows:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

---

[1] As part of these bankruptcy proceedings, National Truck filed an adversary proceeding against Yolo, seeking an injunction or in the alternative a declaration that the automatic stay of proceeding against National Truck also applies to Normand, individually and as trustee of ASIT, such that the instant case cannot be pursued against him during the pendency of the bankruptcy proceedings. [Adversary Case No. 17-06044-KMS (S.D. Miss.), Doc. 1]. On September 28, 2017, the bankruptcy court entered an order partially granting the motion for preliminary injunction and prohibiting Yolo from proceeding in the present action against Normand individually until January 8, 2018. [Doc. 18].

28 U.S.C. § 1412.[2]  Section 1412 applies to the transfer of cases under Title 11 as well as cases "arising under title 11, or arising in or related to cases under title 11."  1 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 4.05[1] (16th ed. 2017).  The party seeking transfer has the burden of showing by a preponderance of the evidence that either the interest of justice or the convenience of the parties would be served by the requested transfer.  Garlock Sealing Techs., LLC v. Waters & Kraus, LLP, No. 3:14-cv-130, 2015 WL 1022291, at *1 (W.D.N.C. Mar. 9, 2015).

In determining whether a transfer of venue would serve the interest of justice, the Court may consider a number of factors, including the following:

> (a) the economic administration of the bankruptcy estate; (b) the presumption in favor of trying cases "related to" a bankruptcy case in the court in which the bankruptcy is pending; (c) judicial efficiency; (d) ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders;

---

[2] The Plaintiff does not dispute that the present action "relates to" National Truck's bankruptcy proceeding.  Nevertheless, the Plaintiff urges the Court to apply the general venue transfer statute, 28 U.S.C. § 1404, in lieu of § 1412, in determining whether to transfer venue in this matter.  The Court notes that the Fourth Circuit has not definitively decided which statute is appropriate to apply to the transfer of a case that is "related to" a case under Title 11, as this one is.  At least two judges in this District, however, have previously determined that § 1412 should be applied.  See Garlock, 2015 WL 1022291, at *1 n.1; Coffey Creek Assocs. Ltd. P'ship v. Guardian Prot. Servs., Inc., No. 3:09-cv-295, 2010 WL 1849023, at *5 (W.D.N.C. May 7, 2010).  The Court adopts the reasoning of Garlock and Coffey Creek here and concludes that the Defendants' motion to transfer is governed by § 1412.  The Court notes, however, that the outcome would have been the same if the Court had applied § 1404.

> (f) enforceability of any judgment rendered; and (g) the plaintiff's original choice of forum.

Blanton v. IMN Fin. Corp., 260 B.R. 257, 266 (M.D.N.C. 2001) (citation omitted).  Not all of these factors are weighed equally, however, as the most important of these factors is the economic and efficient administration of the estate.  Hilton Worldwide, Inc. Global Benefits Admin. Comm. v. Caesars Entm't Corp., 532 B.R. 259, 274 (E.D. Va. 2015) (citing Dunlap v. Friedman's, Inc., 331 B.R. 674, 680 (S.D. W. Va. 2005)).

In the present case, the Court concludes that these factors, on balance, weigh in favor of transfer.  First, transfer to the Southern District of Mississippi would promote the economic and efficient administration of National Truck's bankruptcy estate.  In the bankruptcy case, National Truck already has sought court approval of a sale to raise funds to satisfy certain debts.  The Plaintiff is listed as a secured creditor in the Chapter 11 Case and has filed a limited objection in which it seeks the application of the entirety of the proceeds raised as a result of that sale to the debt National Truck allegedly owes to the Plaintiff rather than any such proceeds being paid to the bankruptcy estate.  At the same time, the Plaintiff has filed this action seeking relief from the purported guarantors of the debt. Transferring the case to the Southern District of Mississippi more efficiently permits the

handling of the claims by common counsel and within the same Court to promote the most economic and efficient administration of the bankruptcy estate, particularly in the allocation and distribution of any potential proceeds. Furthermore, the present action is in its earliest stage, as no answers have been filed by the Court and no case management plan has been entered. A transfer at this time would cause little or no duplication of efforts by the courts or the parties. Given the substantial impact adjudication of this action would have on the bankruptcy estate as well as the administrative efficiency promoted by the coordinated resolution of this action and the Chapter 11 case, the Court concludes that transfer of this matter to the "home court" where the bankruptcy is pending is in the interest of justice and further serves judicial efficiency.

As for the remaining factors, the Plaintiff has failed to demonstrate that it could not get a fair trial in the Southern District of Mississippi or that the enforceability of any judgment obtained there would be impaired. While a transfer of venue would contravene the Plaintiff's original choice of forum,

the Court concludes that the balance of factors weigh heavily in favor of transfer. Accordingly, the Defendants' motion to transfer is granted.[3]

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Transfer Venue [Doc. 9] is **GRANTED**, and this action is transferred to the United States District Court for the Southern District of Mississippi.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Stay or, in the Alternative, Motion to Extend Deadline to File Answer or Other Responsive Pleading [Doc. 11] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: January 26, 2018

Martin Reidinger
United States District Judge

---

[3] Because the Court has concluded that transfer of venue is warranted in the interest of justice, the Court need not address whether the convenience of the parties would also warrant transfer.