# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| YOLO CAPITAL, INC. | ) |
|     Plaintiff, | ) |
| vs. | ) **Case No. 1:18-cv-00062-HSO-JCG** |
| LOUIS J. NORMAND, JR., Individually, LOUIS J. NORMAND, JR., TRUSTEE OF AMERICAN SUCCESS IRREVOCABLE TRUST, TRUCK CAPITAL, LLC, COAST MANAGEMENT SYSTEMS, LLC, GLOBAL TRANSPORTATION REINSURANCE CO., LTD., | ) |
|     Defendants. | ) |

## ORDER REFERRING CIVIL ACTION TO BANKRUPTCY COURT

This matter comes before the Court upon Motion for Automatic Referral to Bankruptcy Court Dkt # 34] ("Motion") filed by Defendants, Louis J. Normand, Jr., individually, Louis J. Normand, Jr., as Trustee of American Success Irrevocable Trust, Truck Capital, LLC, Coast Management Systems, LLC, and Global Transportation Reinsurance Co., Ltd. (collectively, "Defendants"). After reviewing the facts and considering the same, the Court finds that the Motion is well taken and should be granted. The Court finds as follows.

    1.    On July 11, 2017, Plaintiff, Yolo Capital, Inc. ("Plaintiff"), originally filed this action against Defendants as Case No. 1:17-cv-00180 in the U.S. District Court for the Western District of North Carolina (the "North Carolina Action"), alleging that

Defendants breached a Guaranty Agreement, guaranteeing non-party National Truck Funding, LLC's ("National Truck")[1] performance under a Note Agreement and related Promissory Note, and sought to recover amounts due under the Promissory Note from the date of National Truck's alleged default. [Dkt. # 1.]

2. Prior to the commencement of this action, on June 25, 2017, National Truck filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 17-51243-KMS (the "Chapter 11 Case") and, subsequently listed Plaintiff as a creditor who has claims secured by National Truck's property and identified Defendants as co-debtors on the debt to Plaintiff. (*See* Chapter 11 Case, Dkt. # 172.)

3. On August 23, 2017, Defendants filed a Motion to Transfer Venue seeking to transfer the North Carolina Action to the U.S. District Court for the Southern District of Mississippi. [Dkt. # 9-10.]

4. On January 26, 2018, the U.S. District Court for the Western District of North Carolina entered its Memorandum of Decision and Order, granting Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1412, which applies to the transfer of cases "arising in or related to cases under title 11," and noting that "[t]he Plaintiff does not dispute that the present action 'relates to' National Truck's bankruptcy proceeding." [Dkt. # 20, p. 4-5, n. 2.]

---

[1] Defendants, Louis J. Normand, Jr. and American Success Irrevocable Trust hold 10% and 90% membership interest, respectively, in National Truck and Mr. Normand is the Manager and Chief Executive Officer of National Truck.

5. On January 30, 2018, Plaintiff advised the Court that it had no objection to the Memorandum of Decision and Order, entered on January 26, 2018.

6. On February 23, 2018, this Court entered a Notice [Dkt. # 22] confirming that the North Carolina Action had been transferred from the U.S. District Court for the Western District of North Carolina to this Court.

7. 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Rule 83.6 of the Local Uniform Civil Rules for the United States District Courts for the Northern and Southern Districts of Mississippi provides that "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this District pursuant to 28 U.S.C. § 157(a)."

8. Referral is appropriate as this action is a proceeding "arising in or related to" the Chapter 11 Case given that adjudication of this action will have a direct impact on the assets and liabilities of National Truck in the Chapter 11 Case and the administration of the Chapter 11 Case as a whole, by among other things, potentially decreasing the amount of claims against the bankruptcy estate and freeing potential assets to be paid to other creditors. *See In re Wood*, 825 F.2d 90, 91 (5th Cir. 1987) (finding that a proceeding is "related to" the bankruptcy case if it could "*conceivably* have an effect on the estate being administered by bankruptcy" (emphasis in original) (quotation omitted)); *see also* Dkt. # 10, 5-8.

9. The Court finds that this civil shall be referred to the United States Bankruptcy Court for the Southern District of Mississippi, Southern Division, consistent with L.U. Civ. R. 83.6 and 28 U.S.C. § 157(a).

THEREFORE, IT IS ORDERED that the Motion for Automatic Referral to Bankruptcy Court is hereby granted. This civil action is hereby referred to the Bankruptcy Court.

SO ORDERED this the 16th day of April, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

s/Jason R. Watkins

Jason R. Watkins
**O'HARA WATKINS, LLC**
1307 Main Street
Daphne, Alabama 36526
Telephone: (251) 441-7779
jwatkins@oharawatkins.com


*Counsel for Defendants*